[Cite as *Gallick v. Educational Credit Mgt. Co.*, 2023-Ohio-278.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DONALD GALLICK

     Appellan

v.

EDUCATIONAL CREDIT
MANAGEMENT CO., et al.

     Appellees

C.A. No.     21AP0054

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2019-CVC-H-00341

DECISION AND JOURNAL ENTRY

Dated: January 31, 2023

HENSAL, Judge.

**{¶1}** Donald Gallick appeals a journal entry of the Wayne County Court of Common Pleas that granted summary judgment to Nelnet, Inc., Educational Credit Management Corp. ("ECMC"), and American Student Assistance ("ASA") on his claims. For the following reasons, this Court affirms.

I.

**{¶2}** Mr. Gallick consolidated his student loans into two loans in 2002, and Deutsche Bank later became the holder of the loans. In December 2017, Nelnet became the servicer of the loans for Deutsche Bank. At the time, the combined balance of the loans was around $54,000.00.

**{¶3}** According to Mr. Gallick, he had received correspondence from several companies throughout 2017 about his loans and wanted to make sure that Nelnet was not attempting to defraud him when it notified him that it was the servicer of his loans. He wrote Nelnet seeking verification of its status, but Nelnet did not respond in writing. Instead, it attempted to discuss Mr. Gallick's

loans over the telephone. Mr. Gallick preferred written communication, however, because of the difficulty in creating a record of telephone conversations.

{¶4} Mr. Gallick alleges that, on April 27, 2018, he sent a letter and a check in the amount of $900.00 to Nelnet. In the letter, Mr. Gallick wrote that, unless he received written communication from Nelnet within 30 days, he would assume that the check fully satisfied his alleged debt. According to Nelnet's records, it did not receive the letter and check until May 31, 2018. It applied the $900.00 to Mr. Gallick's account and sent him a letter on June 6, 2018, indicating that the amount was insufficient to pay off his loans. Mr. Gallick replied with a letter stating that he considered his debt satisfied under the doctrine of accord and satisfaction and made no further payments.

{¶5} In August 2019, Nelnet declared Mr. Gallick's loans in default. As guarantor of the loans, ASA made a payment to Deutsche Bank and the note was assigned to it. ECMC, a guarantor servicer for ASA, began contacting Mr. Gallick in writing and by telephone about his defaulted loans. Mr. Gallick subsequently filed a complaint against Nelnet and ECMC, seeking a declaratory judgment that his student loans had been satisfied under the doctrine of accord and satisfaction. He also sued them for violations of the Ohio Consumer Sales Practices Act ("CSPA"), harassment, and fraud. The trial court required Mr. Gallick to add Deutsche Bank and ASA to the action because a declaratory judgment regarding the status of the loans could affect their interests. The trial court granted a judgment of default against Deutsche Bank after it did not file an answer. Nelnet, ECMC, and ASA moved for summary judgment. The trial court granted their motions as to all the claims over Mr. Gallick's opposition. Mr. Gallick has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT ON THE CLAIMS FOR DECLARATORY RELIEF BASED ON THE DOCTRINE OF ACCORD AND SATISFACTION.

{¶6} In his first assignment of error, Mr. Gallick argues that the trial court should not have granted summary judgment to Nelnet, ECMC, and ASA on his accord and satisfaction claim. Under Civil Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7} In count one of his amended complaint, Mr. Gallick sought a declaration that his student loans had been fully satisfied by the doctrine of accord and satisfaction, as codified by Ohio Revised Code Section 1303.40. The trial court granted summary judgment to the defendants on count one for different reasons. It granted judgment to Nelnet because it determined that Mr. Gallick had failed to demonstrate that there was a bona fide dispute about the debt he owed. It granted judgment to ECMC and ASA because it determined that Mr. Gallick's claim was preempted by federal law. Mr. Gallick has challenged both conclusions.

{¶8}    Regarding Nelnet, with certain exceptions, Section 1303.40(A) provides that, "[i]f a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument," "the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." "'Good faith' * * * means honesty in fact and the observance of reasonable commercial standards of fair dealing." R.C. 1301.201(B)(20).

{¶9}    Mr. Gallick testified at his deposition that, throughout 2017, there were multiple companies that asked him to pay them money for his student loans. In December 2017, a company called Conduent sent him a document with his account information that indicated that the principal balance outstanding on his loans was $53,789.91. Mr. Gallick did not question the accuracy of the information and did not believe that he owed only $900 on his loans at that time. Two weeks after receiving the statement from Conduent, he received a letter from Nelnet explaining that it was taking over as the servicer of his loans. This caused Mr. Gallick to begin looking into the status of his student loans. Mr. Gallick testified that he did not calculate what the actual principle of his loans was, he only thought that, because he had been paying the loans off for close to 30 years, they might already have been paid off for a long time. He acknowledged that, because of changes in his employment over the years, there had been periods where his payments on the loans were deferred. He also acknowledged that when he consolidated his loans in 2002, the combined amount of the loans was $91,817.

{¶10} Upon review of the record, we conclude that the trial court did not err when it determined that the doctrine of accord and satisfaction did not apply because there was not a bona fide dispute about the amount of the claim. The only evidence that Mr. Gallick argues demonstrates there was dispute about the amount of the claim was not sent to him until months after he tendered his purported satisfaction payment. Accordingly, it does not establish that there was a dispute about the amount of the debt at the time that Mr. Gallick submitted his payment or that the amount was anywhere close to the $900 he sent in purported satisfaction of the loans.

{¶11} Regarding ECMC and ASA, Mr. Gallick has not developed an argument in his brief as to why the doctrine of preemption does not bar his accord and satisfaction claim against ECMC and ASA. He merely states that it may be a case of first impression and notes that Ohio's declaratory judgment statute should be liberally construed. We will not develop an argument on Mr. Gallick's behalf. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Furthermore, even if Mr. Gallick's claim was not preempted, he did not have any dealings with ECMC or ASA until after he tendered his accord and satisfaction payment to Nelnet. His claim against them was only because they are successors in interest to the loans. Accordingly, his accord and satisfaction claim against ECMC and ASA would fail for the same reason as his claim against Nelnet. Mr. Gallick's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

IT WAS ERROR FOR THE TRIAL COURT TO DISPOSE OF APPELLANT'S CLAIMS FOR VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT THROUGH SUMMARY JUDGMENT.

{¶12} In his second assignment of error, Mr. Gallick argues that the trial court incorrectly granted summary judgment to Nelnet and ECMC on his CSPA claim. The trial court concluded that the act did not apply to Nelnet because it was not a supplier within the meaning of the act and

because student loan servicing is not a consumer transaction. It concluded that the act could not apply to ECMC because of preemption.

**{¶13}** Mr. Gallick argues that the trial court's judgment is inconsistent because it determined that his CSPA claims against ECMC was preempted by federal law but it did not make the same determination for Nelnet. Nelnet, however, did not argue that Mr. Gallick's CSPA claim against it was preempted, so it would have been error for the trial court to make such a determination. *See Lehmier v. W. Res. Chem. Corp.*, 9th Dist. Summit No. 28776, 2018-Ohio-3351, ¶ 46 (explaining that it is error to grant summary judgment on a basis not specified in a party's motion).

**{¶14}** Regarding Nelnet, Mr. Gallick has not argued in his brief that the trial court incorrectly determined that Nelnet was not a supplier within the meaning of the act or that student loan servicing is not a consumer transaction. Accordingly, he has failed to establish that the trial court incorrectly granted summary judgment to Nelnet on his CSPA claim.

**{¶15}** Regarding ECMC, Mr. Gallick argues that his claim against it for violating fair debt collection practices is not preempted by the Higher Education Act ("HEA"). According to Mr. Gallick, ECMC admitted making eight phone calls to him, despite his requests that it stop calling him, which could be considered telephone harassment in violation of the CSPA.

**{¶16}** The United States Supreme Court has described three ways by which federal law can preempt state law under the Supremacy Clause. *Menorah Park Ctr. for Senior Living v. Rolston*, 164 Ohio St.3d 400, 2020-Ohio-6658, ¶ 26, citing *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990). "Those include when (1) Congress expressly preempts state law (express preemption), (2) Congress has occupied the entire field (field preemption), and (3) there is an actual conflict between federal and state law (conflict preemption)." *Id.*

{¶17} ECMC argued to the trial court that Mr. Gallick's claims were expressly and impliedly preempted by federal regulation. For express preemption, it pointed to 34 CFR 682.411, which provides communication requirements that a lender must follow when a borrower defaults on a student loan, such as the number of telephone calls it must make and the number of letters it must mail. 34 CFR 682.411(c-f). Subsection (o) provides that "[t]he provisions of this section * * * [p]reempt any State law, including State statutes, regulations, or rules, that would conflict with or hinder satisfaction of the requirements or frustrate the purposes of this section." 34 CFR 682.411(o). ECMC argued that it would be unable to comply with its federal obligations without being subject to liability under the CSPA.

{¶18} Mr. Gallick cites several cases in support of his argument that his CSPA claim against ECMC is not preempted, but each of those cases is distinguishable. In *Rude v. NUCO Education Corp.*, 9th Dist. Summit No. 25549, 2011-Ohio-6789, this Court examined the interaction between student loans and the CSPA but did not address preemption or 34 CFR § 682.411. *Tipton v. Secretary of Education of the United States*, 768 F.Supp. 540 (S.D.W.Va.1991), *Keams v. Tempe Technical Institute, Inc.*, 39 F.3d 222 (9th Cir.1994), and *Cliff v. Payco General American Credit, Inc.*, 363 F.3d 1113 (11th Cir.2004), each predated the 2007 addition of the express preemption clause in subsection (o). 72 FR 62006 (Nov. 1, 2007) (adding subsection (o)). In *Manchanda v. Navient Solutions, LLC*, No. 19cv5121, 2020 WL 5802238 (S.D.N.Y. Sept. 29, 2020), the claim alleged affirmative misstatements by ECMC and did not involve the interpretation of 34 CFR § 682.411. *Id*. at * 7-8. In *Berman v. Pennsylvania Higher Education Assistance Agency*, No. 1:21CV63, 2022 WL 767530, (M.D.N.C. Mar. 14, 2022), the claim involved an affirmative misrepresentation about the borrower's eligibility for a loan forgiveness program and did not involve 34 CFR § 682.411. *Id*. at *3-4. In *Riel v. Navient Solutions Inc.*, No. 16-CV-1191-

JPS, 2017 WL 168900 (E.D.Wi. Jan. 17, 2017), the court considered whether a telephone harassment claim was preempted under 34 CFR § 682.411, but the defendant only argued that conflict preemption applied so the court did not address subsection (o)'s express preemption provision. *Id*. at *4-6.

{¶19} Besides citing those cases, Mr. Gallick has not developed an argument as to why his CSPA claim against ECMC is not preempted under 34 CFR § 682.411. Accordingly, we conclude that he has failed to establish that the trial court incorrectly granted summary judgment to ECMC on that claim. Mr. Gallick's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY DISREGARDING OHIO PRECEDENT AND FEDERAL PRECEDENT WHEN IT RULED THAT THE CLAIMS FOR CIVIL HARASSMENT ARE PREEMPTED BY FEDERAL LAW.

{¶20} In his third assignment of error, Mr. Gallick argues that the trial court incorrectly granted summary judgment to Nelnet and ECMC on his civil harassment claim. He argues that the court incorrectly determined that his claim was preempted.

{¶21} The trial court granted summary judgment to Nelnet on Mr. Gallick's civil harassment claim because it determined that there is no such claim recognized under Ohio law. It also determined that Mr. Gallick could not attempt to convert his claim into a common law invasion of privacy claim at that stage of the proceeding. The court granted summary judgment to ECMC for the same reason, but also determined that, even if the claim was cognizable, it was preempted.

{¶22} Mr. Gallick notes that the Ohio Supreme Court has recognized a common law cause of action for invasion of privacy and has held that unreasonable communication efforts by a debt collector can constitute an invasion of privacy. *Housh v. Peth*, 165 Ohio St. 35, 40-41 (1956). The

trial court, however, determined that Mr. Gallick failed to plead such a claim and that it would be improper to construe his civil harassment claim as an invasion of privacy claim. Mr. Gallick has not argued that his civil harassment claim should have been construed as an invasion of privacy claim or that the trial court erred when it declined to do so. Accordingly, Mr. Gallick has not demonstrated that the trial court incorrectly granted summary judgment to Nelnet and ECMC on his civil harassment claim. Mr. Gallick's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON APPELLANT'S COMMON LAW FRAUD CLAIMS BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT SHOW FRAUD WAS COMMITTED BY DEFENDANT NELNET.

{¶23} In his fourth assignment of error, Mr. Gallick argues that the trial court incorrectly granted summary judgment to Nelnet on his fraud claim. The court determined that Mr. Gallick failed to articulate any false representations made by Nelnet relative to the loans at issue in this case. It also determined that Mr. Gallick failed to establish justifiable reliance on any alleged misrepresentations or that he suffered injury as a result. The elements of a fraud claim consist of:

(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶ 47, quoting *Gaines v. Preterm–Cleveland Inc.*, 33 Ohio St.3d 54, 55 (1987).

{¶24} Mr. Gallick argues that there were multiple facts established through deposition testimony that tend to demonstrate false representations by Nelnet. He notes that Nelnet's Director of Diversified Services, Risk and Compliance testified that he had not seen a written contract

between Deutsche Bank and Nelnet for Nelnet to service Mr. Gallick's student loan. He also did not know what the terms of that contract were, if it existed. The director believed that Nelnet made an error in July 2018 when it sent Mr. Gallick a letter indicating that the combined balance of Mr. Gallick's loans was $25,678.92, although he attributed it to an associate of the company inputting inaccurate information. Mr. Gallick also points to a letter he received from Nelnet with a generic statement of how he could determine the interest rate for his loans instead of providing the actual interest rate for them. Mr. Gallick further points to Nelnet's numerous attempted telephone communications with him, the number of complaints Nelnet received between January 2015 and January 2017, and the fact that it has been sued for fraud by the United States Department of Justice.

{¶25} Mr. Gallick has not pointed to any evidence in the record that he justifiably relied on any of Nelnet's allegedly false statements. As noted earlier, Nelnet did not send the letter containing an inaccurate statement of Mr. Gallick's loan balance until after Mr. Gallick submitted his final $900 payment to Nelnet. Mr. Gallick admitted at his deposition that he did not send a check to Nelnet because it made a false statement to him. Upon review of the record, we conclude that the trial court correctly determined that there is not a genuine issue of fact regarding whether Mr. Gallick justifiably relied upon any misrepresentations by Nelnet or that he was injured by an alleged misrepresentation. The trial court, therefore, correctly granted summary judgment to Nelnet on Mr. Gallick's fraud claim. Mr. Gallick's fourth assignment of error is overruled.

III.

{¶26} Mr. Gallick's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶27} I concur in the majority's disposition of the first assignment of error as to Nelnet. The trial court determined that Mr. Gallick's claim for declaratory relief failed both because Nelnet was not the holder of the loans and note and because the evidence did not support the existence of

a good faith dispute as to the amount of the debt. On appeal, Mr. Gallick has only challenged the latter basis, and, thus, has not demonstrated that the trial court erred in resolution of this claim as to Nelnet.

{¶28} However, I dissent as to the majority's resolution of the first assignment of error as to ECMC and ASA and to the second assignment of error as to ECMC. I would conclude that both ECMC and ASA failed to satisfy their burden to demonstrate that federal preemption applied to these claims under the facts of this case. *See Manchanda v. Navient Student Loans*, S.D.N.Y. No. 19cv5121, 2020 WL 5802238, *7 (Sept. 29, 2020), quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litigation*, 725 F.3d 65, 96 (2d Cir.2013) ("The party 'asserting that federal law preempts state law bears the burden of establishing preemption.'"). As the trial court did not address the merits of these claims with respect to ECMC and ASA, I would remand the matter for the trial court to do so in the first instance.

{¶29} As to the third and fourth assignments of error, I concur in the majority's judgment. I agree with the trial court's determination that Mr. Gallick's claim for harassment against ECMC and Nelnet fails as a matter of law because such a claim does not exist in Ohio. I also concur that Mr. Gallick's fraud claim against ECMC and Nelnet fails as matter of law.

APPEARANCES:

DANIEL J. ORLANDO, Attorney at Law, for Appellant.

NEIL DAVID SCHOR, Attorney at Law, for Appellee.

DAVID VAN SLYKE, Attorney at Law, for Appellee.